UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

JASON LUTTRELL,                )
                               )
        Petitioner,            )
                               )
    v.                         )   No. 4:14 CV 38
                               )
SUPERINTENDENT,                )
                               )
        Respondent.            )

## OPINION AND ORDER

Jason Luttrell, a *pro se* prisoner, is challenging the prison disciplinary proceeding (IYC 13-10-216) held by the Plainfield Correctional Facility Disciplinary Hearing Body (DHB) on November 7, 2013, where he was found guilty of Assault/Battery in violation of B-212. He was sanctioned with the loss of 90 days earned credit time. The Report of Conduct states "I Capt. C. Thompson while observing the chow movement inside the north side dining hall did clearly observe offender Luttrell, Jason 223036 throwing closed fist punches in the facial region of offender Searcy, Jeremy 982429."

In his petition, Luttrell argues that Searcy started the fight and that he was merely defending himself. However, " inmates do not have a constitutional right to raise self-defense as a defense in the context of prison disciplinary proceedings. As such, the [DHB] was under no constitutional obligation to allow [the] claim that he was merely defending himself to serve as a complete defense to the charge of assault." *Jones v. Cross*, 637 F.3d 841, 848 (7th Cir. 2011) (citation omitted). Thus, his self defense argument is not a basis for habeas corpus relief.

Luttrell argues that several witnesses verified that he was acting in self defense, however,

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted). Here, the conduct report alone is sufficient evidence to support the finding that Luttrell is guilty of Assault/Battery on Searcy. *See McPherson v. McBride*, 188 F.3d784, 786 (7th Cir. 1999).

Luttrell argues that neither he nor Searcy suffered a serious injury. But a violation of B-212 does not require either a serious injury or the use of a weapon. Those are elements of A-102. The description of B-212 specifically states that there need not be a serious injury. Therefore, this is not a basis for habeas corpus relief.

Finally, Luttrell argues that both the Indiana Constitution and Indiana Code 35-41-3-2(a) guarantee him the right to self defense. However, "[t]he habeas statute unambiguously provides that a federal court may issue the writ to a state prisoner 'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.' 28 U.S.C. § 2254(a). And we have repeatedly held that 'federal habeas corpus relief does not lie for errors of state law.'" *Wilson v. Corcoran*, 562 U.S. 1, 4 (2010)

(citation omitted). Arguments about state law, therefore, present no basis for habeas corpus relief.

For the foregoing reasons, this petition for habeas corpus relief is **DENIED**.

**SO ORDERED.**

Date: May 22, 2014

      s/ James T. Moody  
      JUDGE JAMES T. MOODY  
      UNITED STATES DISTRICT COURT